STATE OF MAINE                                  UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                 LOCATION: PORTLAND
                                                Docket No. CR-12-6238
19 DEC 12 AM 9:09                               EPE -CUM- 1/19/12

STATE OF MAINE
                                                        ORDER ON
        v.                                        MOTION TO SUPPRESS

JENNIFER ROSE

        On July 13, 2012 into July 14, 2012, the Westbrook Police Department operated a sobriety checkpoint on Route 25 in downtown Westbrook. The sobriety checkpoint was organized by Captain Thomas Roth of the Westbrook Police Department who arranged for the checkpoint to be authorized by the Chief of Police.  Twelve officers were assigned to participate in the sobriety checkpoint under the supervision of Captain Roth.  The officers had a brief meeting prior to setting up the sobriety checkpoint and were briefed on the expectations for them.  On June 29, 2012, a press release was sent to the various media outlets in the Cumberland County area notifying them that increased impaired driver patrols and sobriety checkpoints would be held in the City of Westbrook during the summer.  On the day in questions, the Westbrook Police Department posted notice of the sobriety checkpoint that day on its Facebook page. During the operation of the sobriety checkpoint, the officers were instructed to conduct quick stops of motorists to inquire if they had anything to drink and to make observations about the condition of their eyes, the slurring of speech, any odor of alcohol coming from the vehicle, and the operation of the vehicle up to the checkpoint among other things. The roadblock as it was conducted on that evening was reasonable under the constitutional standards set forth in State v. Kent, 2011 ME 42.

        During the course of the sobriety checkpoint, officer Burgess interacted with Jennifer Rose, the Defendant in this case, at around 1:00 p.m. on July 14, 2012.  Pursuant to a question from Officer Burgess, Ms. Rose admitted she had a few drinks while in Portland earlier in the evening.  Officer Burgess did not smell alcohol on her breath, but observed a slight slur in her speech.  As a result of his observations, he asked her to proceed to the observation area for further testing.

        The Defendant has a filed a motion to suppress based upon a lack of articulable suspicion to require her to go to the observation area at that point.  State v. McPartland, 2012 ME 12 requires that an officer have a reasonable, articulable suspicion that a driver is operating her vehicle while impaired, even to the slightest degree, before requiring her to proceed to the observation area for secondary screening for impairment. The court finds that the admission of having had a few drinks while in Portland and slurring of her speech is sufficient, articulable suspicion of at least some limited impairment such that the request to continue on to the observation area is permissible.

Motion to suppress is denied

DATED:      December 18, 2012                    _____
                                                 E. Paul Eggert, Judge
                                                 Maine District Court